[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Helen Wilborne, appeals pursuant to General Statutes § 31-249b, a decision of the Employment Security Board of Review (Board) upholding the denial by the defendant, Administrator, Unemployment Compensation Act (defendant) of the plaintiff's claim for use of the workers' compensation special base period in determining unemployment compensation. The defendant filed a brief in opposition to the plaintiff's appeal. The plaintiff, who appears in this matter pro se, failed to file a memorandum in support of her appeal.
The board certified the record of this appeal to the court pursuant to General Statutes § 31-249b. The following procedural history appears in the board's decision dated January 31, 1992. (Return of Record [ROR], Item 9.) On September 19, 1991, the defendant issued a decision ruling that the plaintiff was ineligible for certain unemployment benefits. On October 11, 1991, the plaintiff appealed the defendant's decision. On December 4, 1991, appeals referee, Charles C. Dearborn (referee), issued a decision affirming the defendant's ruling. On December 23, 1991, the plaintiff appealed the referee's decision to the board.
The board, in affirming the referee's decision, held the following. (ROR, Item 9.). The plaintiff, who in the past had received workers' compensation, sought unemployment compensation through the use of special base period provisions of the Unemployment Compensation Act. General Statutes § 31-230.[1]
The board, in affirming the referee's decision, determined that the plaintiff's workers' compensation special base period wages were used in the previous benefit year and therefore under General Statutes § 31-230, those quarters could not be used for her present claim.[2]
To the extent that an appeal pursuant to General Statutes § 31-249b concerns findings of fact, the court is limited to a review of the record. United Parcel Service, Inc.v. Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not ferry the facts nor hear evidence." Id. If the issue is one of law, the court must determine whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts Id. While the court may not substitute its own conclusions for those of the agency, it CT Page 6557 retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Id., 385-86.
In the present appeal, the plaintiff's sole argument is based upon a Connecticut Department of Labor publication that states, in reference to special base period claims, that "[t]he law allows the base period to extend much further back into the workhistory in order to utilize wage credits." (Emphasis added.) State of Connecticut Department of Labor, A Claimant's Guide toUnemployment Benefits. The plaintiff argues that the above language should be interpreted by the court as an expansion of the applicable base periods in General Statutes § 31-230. This argument lacks merit. The language in the pamphlet cannot serve to expand the provisions of General Statutes § 31-230. Moreover, the sentence that immediately follows the above quote states that "there are several limitations on the use of this type of base period, including the inability to use a quarter of wages in a current claim where such quarter was already used in a prior claim." Id. Therefore, the pamphlet further informed the plaintiff that there were limitations to the base period calculation.
The findings of fact and the conclusions of law in the record support the decision that the plaintiff is ineligible for benefits. Since the plaintiff failed to meet the requirements of General Statutes § 31-230, the board was not arbitrary, unreasonable or illegal in affirming the referee's decision on appeal.
Accordingly, the plaintiff's appeal is dismissed.
John W. Moran, Judge